Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN - MODIFIED**

In re:
**Jerald Thomas Mishow**

Dated: **December 29, 2011**

DEBTOR     Case No. **10-60932**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **9,180.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **530.00** per **Month** for **44** months, beginning January 2012, for a total of $ **23,320.00** . The minimum plan payment length is ___ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee ___
   d. The debtor will pay the trustee a total of $ **32,500.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,250.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | a. **Liberty Savings Bank** | **50% Interest in Debtor's Residence: Homestead Real Property located at 1232 13th Ave N, Saint Cloud MN 56303  Single Family Residence legally described as follows:** **Lot 19, Block 1, Centennial Addition, Stearns County, Minnesota** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | -NONE- | $ | $ | | | $ |
   | a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | $ | $ | $ | |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. **Attorney Fees** | $ 2,274.00 | $ 0.00 | 0 | 0 | $ *2,274.00 |
| b. **MN Department of Revenue** | $ 1,300.00 | $ 0.00 | 0 | 0 | $ **1,300.00 |
| c. TOTAL | | | | | $ 3,574.00 |

*PAID Attorney Fees: $2274.00

**PAID MN Department of Revenue: $1300.00

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **Codebtor is liable on claim, paid in full.**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. **Worlds Foremost Bank N** | 8 | 3,595.00 | 477.00 | 1 | 8 | $ 3,701.04 |
| b. TOTAL | | | | | | $ 3,701.04 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **21,974.96**   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(c) and 10(b)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **34,291.00**.

   c. Total estimated unsecured claims are $ **34,291.00**   [line 11(a) + line 11(b)].

12. **OTHER PROVISIONS** —
    **Special Intentions:**
    **Club Solaris: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**
    **Liberty Savings Bank: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

    **Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first.  Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities).  Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

    **A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

**13. SUMMARY OF PAYMENTS** —

| | | |
|---|---|---:|
| Trustee's Fee [Line 2] | $ | **3,250.00** |
| Home Mortgage Defaults [Line 6(a)] | $ | **0.00** |
| Claims in Default [Line 7(a)] | $ | **0.00** |
| Other Secured Claims [Line 8(a)] | $ | **0.00** |
| Priority Claims [Line 9(c)] | $ | **3,574.00** |
| Separate Classes [Line 10(b)] | $ | **3,701.04** |
| Unsecured Creditors [Line 11] | $ | **21,974.96** |
| **TOTAL [must equal Line 1(d)]** | $ | **32,500.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Wesley W. Scott 0264787**
**Lund Kain Scott, PA**
**13 7th Ave. S**
**St. Cloud, MN 56301**
**320-252-0330**
**0264787**

Signed   **/s/ Jerald Thomas Mishow**
**Jerald Thomas Mishow**
DEBTOR

UNITED STATES BANKRUPTCY COURT
District of Minnesota

Case No: 10-60932

In re:   Jerald Thomas Mishow

Debtor

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the Notice of Hearing and Motion, Memorandum in Support of Debtor's Motion for Post-Confirmation Modification and Modified Chapter 13 Plan was mailed to all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail on January 4, 2012.

Date:   January 4, 2012

/e/ WESLEY W. SCOTT-#0264787

13 South Seventh Avenue
Saint Cloud, Minnesota 56301
(320) 252-0330

**EXHIBIT**

BANK OF AMERICA
PO BOX 17054
WILMINGTON DE 19850


CHASE
PO BOX 15298
WILMINGTON DE 19850


CLUB SOLARIS
PO BOX 2179
SPRING TX 77383


DISCOVER FIN
ATTENTION: BANKRUPTCY DEPARTMENT
PO BOX 3025
NEW ALBANY OH 43054


LIBERTY SAVINGS BANK
111 7TH AVE S
SAINT CLOUD MN 56301


MN DEPARTMENT OF REVENUE
PO BOX 64564
SAINT PAUL MN 55164-0564


RJM ACQ LLC
575 UNDERHILL BLVD STE 2
SYOSSET NY 11791


WORLDS FOREMOST BANK N
ATTN: COLLECTIONS
PO BOX 82608
LINCOLN NE 68501

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Jerald Thomas Mishow**

Debtor(s).

**SIGNATURE DECLARATION**

Case No. **10-60932**

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: **MOTION TO MODIFY POST CONFIRMATION CHAPTER 13 PLAN** )

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 12/14/2011

X _/s/ Jerald Mishow_
Signature of Debtor or Authorized Representative

X _____
Signature of Joint Debtor

**Jerald Thomas Mishow**
Printed Name of Debtor or Authorized Representative

Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)